# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHALITHA DUKES | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-1335-SMY-DGW |
| DG RETAIL, LLC, A CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendant insufficiently pled diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

On September 26, 2016, Plaintiff Shalitha Dukes filed suit against Defendant DG Retail, LLC in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging that she sustained personal injuries after tripping on a case of water left in the aisle of Defendant's store at 405 East Lyons Street, Marissa, Illinois (Doc. 1-3). On December 12, 2016, Defendant removed the case to this Court alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the

litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006). The amount in controversy stated in the plaintiff's complaint generally controls, unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006). If the complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence. *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

Jurisdictional facts must be established by a preponderance of the evidence. *Meridian*, 441 F.3d at 540. Further, the removing party's burden is to show "what the plaintiff hopes to get out of the litigation." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands."). When the plaintiff provides little information about the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004)).

The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id*.

In this case, Plaintiff's Complaint seeks a judgment "in an amount in excess of $50,000" (Doc. 1-3). Defendant asserts the amount in controversy exceeds $75,000 based on Plaintiff's response to a request for admission in which Defendant requested Plaintiff admit the amount in controversy was in excess of $75,000. In response to the request for admission, Plaintiff states:

> Plaintiff does not have sufficient information to admit or deny at this time. The Plaintiff cannot truthfully admit or deny because Plaintiff is being evaluated and seeking medical attention for the injuries claimed as a result of this incident.

(Doc. 1-2). Defendant contends that Plaintiff's response that she is still being evaluated for her injuries four months after her alleged fall and her claimed damages in the Complaint – including injuries to her knee, ankle, and soft tissue – "make it now apparent the amount in controversy exceeds $75,000."

Here, the Notice merely establishes that Plaintiff is unsure whether her damages exceed $75,000 at this time. Thus, Defendant's Notice of Removal does not provide sufficient evidentiary support that Plaintiff's damages exceed $75,000.00 and Defendant has failed to meet its burden to prove that the amount-in-controversy requirement has been met. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see also Morales v. Menard, Inc.*, No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, this Court does not have proper subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: April 19, 2017**

                                                        **s/ Staci M. Yandle**
                                                        **STACI M. YANDLE**
                                                        **United States District Judge**